REDMANN, Judge.
Defendant appeals from a judgment casting him for $750 general damages to plaintiff wife and $271.94 specials to plaintiff husband resulting from a vehicular collision. Defendant’s minor son, George R. Maspero, Jr., was driving defendant’s car.

Variance of Pleadings from Proof

The petition charged defendant personally with driving his car negligently, never *732 even mentioning his son. Defendant argues the suit against him should have been dismissed because the cause of action alleged not only was not proved but was affirmatively disproved by evidence defendant’s minor son was driving.
The evidence was not introduced merely to defeat plaintiff’s allegation that the father was driving. A reading of the record shows that counsel were fully aware that the son was the driver, and the cause of action being pursued (despite not having been pleaded) was that of the father’s liability for the son’s tort, rather than his own, in the one accident at the time and place alleged. The son was examined and cross-examined, all without objection, on all the particulars of his actions as the driver of defendant’s car at the time of the accident. It was established, without objection, that the minor was a 17-year-old student, residing in his father’s household. These evidentiary factors are legally sufficient to render the defendant liable for the tortious conduct of his minor son, and also to serve as the basis for granting the relief sought in plaintiffs’ petition.
Although the cause of action proved is not that pleaded, defendant does not assert any prejudice and surely was not a victim of surprise. Under the circumstances, we agree with plaintiff that C.C.P. art. 1154 governs and allows treatment, the same as if pleaded, of the issues of the defendant father's vicarious liability for the tort of his minor child residing with him. The proof adduced only changed the character of the defendant’s liability from that of a tort feasor to the substituted legal responsibility for a minor’s negligent actions. In so doing it did not render inoperative the amendatory effect of LSA-C.C.P. art. 1154.

Merits

The testimony of plaintiff wife supports the trial judge’s conclusion that defendant’s son suddenly swerved into her path and she was unable to avoid hitting him. There is testimony from the son and (to a lesser extent) from a service station operator which would support a conclusion that the son had been in the extreme right lane for 100 feet before being struck as he was making a right turn. This is a purely factual matter and we are unable to say that the trial judge erred in accepting plaintiff wife’s version rather than defendant’s son’s.

Quantum

Plaintiff wife’s left chest struck the steering wheel. She felt some pain, and she was, by all accounts, quite upset. She visited a doctor twice within the week; he suspected rib cartilage irritation or muscle strain. He also prescribed medication for depression.
Because of the considerable nervousness resulting from the accident, we conclude the $750 general damages awarded is not excessive.
The judgment is affirmed.